IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERTA PLANTE,

        Plaintiff,

        vs.                                               Case No. 07-1411-JTM

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

        Plaintiff Roberta Plante has applied for Social Security disability benefits. Her application was denied by the ALJ on March 6, 2007, a decision affirmed by the Appeals Council on October 31, 2007. There are essentially two allegations of error: that the ALJ erred in failing to consider Plante severely impaired due to depression, and that he failed to advance proper hypothetical questioning of the vocational expert which listed all her limitations.

        Plaintiff-claimant Plante was born in 1962, and has stated that she became disabled beginning August 10, 2001. She has cited a variety of ailments, including a back injury, knee and hip pain, and depression. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 19-28), and the brief of Plante (Dkt. No. 6, at 2-22, and set forth *seriatim* in the argument section of the Commissioner's response (Dkt. No. 11, at 4-14).

        The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant

has the initial burden of proof in the first three steps: she must show whether she is engaged in substantial gainful activity, she has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that she cannot return to her former work, the Commissioner has the burden of showing that she can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992). This deferential review is limited to factual determinations; it does not apply to the Commissioner's's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

Plante first argues that the ALJ erred in failing to include depression as one of her severe impairments, since that condition met the standard set forth in *Williams v. Bowen*, 844 F.3d 784 (10th Cir. 1988). Under *Williams*, a severe impairment is one which has more than a minimal effect on the claimant's ability to work. However, the burden of proof as to the existence of a severe impairment is on the claimant. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987). If the impairment's effect on the ability to work is minimal, the impairment is not severe. See SSR 96-3p. Further, the impairment must be established by medical evidence, and must last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1508, 404.1509 (2008).

The court finds no error in the ALJ's assessment that Plante's depression was not a severe impairment. The ALJ appropriately reviewed the effect of Plante's mental impairments purusant to the procedure set forth in 20 C.F.R. § 404.1520a. Applying that standard, he found no restriction in Plante's daily living, no episodes of decompensation of extended duration, and mild or less than mild restriction on her social functioning, concentration, persistence, and pace.(Tr. 21-22).

Plante also argues that the ALJ erred in failing to consider her GAF score as demonstrating the existence of a severe impairment due to depression. But the ALJ accurately noted that Plante's GAF score incorporated various unemployment and legal issues, and so was of limited usefulness in assessing her mental functioning. Further, the GAF score is not conclusive evidence of impairment. The Commissioner has concluded that the score provides only a limited snapshot of a patient's ability to function, and has "no direct correlation" to the standards for disability under the Social Security Act. See 65 Fed. Reg. 50746, 50764-65, 2000 WL 1173632 (Aug. 21, 2000).

Next, Plante challenges the hypothetical question posed by the ALJ to the vocational expert. She alleges that the ALJ erred by failing to include all her limitations in the question, including her

limitations in social functioning, pain, requirement for alternating standing and sitting, and the need to avoid concentrated exposure to cold. Here, the vocational expert testified at step 5 that Plante could perform sedentary, unskilled work as a call out operator, food and beverage order clerk, or document preparer.

The court finds no error. The vocational expert explicitly referenced only unskilled jobs, which are defined as jobs needing little or no judgment, with simple duties that can be learned quickly on the job. See 20 C.F.R. § 404.1568(a) (2008). Plante's non-severe impairments in concentration and social functioning are consistent with such unskilled work. The failure to incorporate the need to avoid cold is equally harmless, since that limitation does not substantially narrow the sedentary occupational base, SSR 96-9p, or exclude the positions identified as available to Plante by the vocational expert.

The court finds that the ALJ's hypothetical question properly incorporated references to Plante's limitations. First, the ALJ's question also asked the vocational expert to consider "the option to either perform work either sitting or standing up." (Tr. 649). This effectively incorporated the requirement that Plante alternate in standing and sitting. The ALJ's question also effectively incorporated Plante's complaints of pain by explicitly including limitations due to her back condition as prohibiting anything other than sedentary jobs. (Tr. 23). The ALJ had previously determined (Tr. 24-26) that other complaints of disabling pain by Plante were not credible, an assessment that is not otherwise challenged in the claimant's Brief. The court finds no error in the hypothetical question that was presented to the vocational expert.

IT IS ACCORDINGLY ORDERED this 23rd day of February, 2009 that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
